Parsons, C. J.
This writ was directed to Seth Bullard, Esq., commanding him to send the record and proceedings in a certain cause between these parties, in which the said [ * 521 ] * Bullard, as a justice of the peace, had rendered judg ment for the defendant in error, who was the original plaintiff, against the plaintiff in error, who was the original defendant. The record being sent up, in nullo est erratum has been pleaded to the assignment of the general error.
On inspecting the record of the judgment, it appears to have been rendered in June, 1789, for 15l. 4s. 11d., damages and costs, the justice having jurisdiction by virtue of the statute of 1788, c. 67, then in-force, and known by the name of the confession act.
B. Whitman for the plaintiff in error.
Wheaton for the defendant in error.
The justice, after showing, in his record, the time and place when and where his court was holden, proceeds in these words: “Eliphaz Clap, of W., &c., plaintiff, against Joshua Clap, of the said W., &c., defendant, in a plea of the case, for not paying him eleven pounds thirteen shillings and two pence, with interest, according to his note dated May 1, 1784.” The record then alleges the appearance of the plaintiff, and the default of the defendant, upon which the judgment is entered. T.he justice has also sent up the copy of a writ, purporting to be sued by Eliphaz Clap, against Joshua Clap, containing a declaration sufficiently formal.
The record of the judgment is extremely defective ; no promise is alleged, nor any time, place, or consideration for making any promise.
Knowing the general defects of the proceedings before justices under that statute, we have endeavored to find some ground on which we could support the judgment. If the judgment, had referred to the writ on file with the justice for a declaration, according to a very irregular practice, which formerly prevailed in the Common Pleas, we should have been disposed to consider the writ as a part of the judgment, so far as it contained the declaration, and thus have saved the judgment. But in the record there is no reference to any writ.
Presuming from the copy of a writ sent us, that the justice had sufficient materials from which to amend his record, we last year ordered the cause to stand over, that the defendant in error might find a more correct judgment; but it is said that the justice was found too aged and infirm to attend *to his [*522 ] files. We must therefore take the record as it was originally sent, and for the manifest errors in it the judgment must be reversed. ‘